### GARD v HAAS

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12159. Decided Jan 25, 1932

MAUCK, PJ, MIDDLETON and FARR, JJ, sitting.

Kenneth G. Guild for plaintiff in error.

Frankel & Frankel, Cleveland, for defendant in error.

FARR, J.

The first is that the trial court erred in permitting an amendment to the petition instanter, relating to damages to plaintiff's automobile. The petition makes reference to damages to plaintiff's car and there was attached to the petition, Exhibit A, which set out the different·parts necessary in the repair of plaintiff's car. Upon motion this exhibit was stricken from the petition and then upon motion of plaintiff and at the beginning of the trial, plaintiff was permitted to allege more specifically his damages in the sum of $380.53 so it is alleged. It is objected that the defendant was taken by surprise by this amendment. However, the record does not disclose that any application was made for a continuance of the cause but without objection the defendant proceeded to trial. This waived the objection and there was, therefore, no error upon the part of the trial court in permitting the trial to proceed.

The next asignment for error is that the judgment is against the weight of the evidence and in this behalf it is disclosed that on November 7, 1929, plaintiff in error and defendant in error were driving their automobiles parallel to each other in a westerly direction on Bulkley Boulevard. The defendant in error occupied the northerly lane of traffic while plaintiff in error was driving in the lane to the left of defendant in error. One James Walters was driving an automobile in an easterly direction along the same public highway and Walters states that without any warning or indication whatever, plaintiff in error swerved his car to the left in an attempt to cross the Boulevard at or near West 45th Street and that in order to avoid a head-on collision that he, Walters, swerved his automobile to the

left, contacted with plaintiff in error's car and came into collision with defendant in error's car, causing personal injuries to defendant in error and wrecking his car.

The plaintiff and defendant below both testified, each claiming that it was the other's negligence that caused the collision and probably the testimony of Walters is the most nearly accurate statement and may be considered to be without any feeling or prejudice as to Gard or Haas. He states in substance that at the intersection of Tillman Avenue, West 45th Street and Bulkley Boulevard, he saw Gard's car, which was travelling west in the northerly lane of traffic, and in the southerly lane was the Haas car which was travelling west also. He says that as he was at the intersection that Gard's car suddenly swerved to Tillman Avenue which runs southwesterly from the Boulevard; that in order to avoid hitting his car head-on, that he was compelled to swerve to the left, thereby hitting the Haas car in the rear. He says further that the only way he could have avoided hitting the Gard car head-on was to swerve to the left; that if he had swerved to the right he would have collided with him anyway because he cut him off without any warning and without knowing that he was going to turn in and that plaintiff in error did not stop, put out his hand and that he did not see him make any motion whatsoever.

This presents the usual case in which the complainant and the person accused attempt to justify their conduct and in which the testimony of persons presumably without prejudice are probably entitled to the greater degree of credit and that is the situation in the instant case. Some other witnesses testify but their evidence does not reflect measurably on the manner of the happening of the accident.

The trial court saw and heard the witnesses and entered judgment and it is well settled that a judgment on a verdict may be reversed upon the weight of the evidence only where it is clearly and manifestly against the same and the same rule applies where a jury has been waived and a cause submitted to the court. It certainly could not well be said in the instant case that the conclusion reached by the trial court that the plaintiff below was entitled to recover the sum of $500.00 rather than $2360.00 is so clearly, so manifestly against the weight of the evidence, as to require a reversal.

The other assignments for error have been examined but no reversible error being disclosed by the Record, it follows that the

judgment must be affirmed and it is so ordered.

MAUCK, PJ and MIDDLETON, J, concur.